*1113 Memorandum: Respondent wife appeals from an order of fact-finding and disposition in which Family Court concluded that she committed acts constituting the family offense of harassment in the first or second degree against petitioner husband (Family Ct Act § 812 [1]; Penal Law §§ 240.25, 240.26 [3]). Initially, we note that the order of protection issued in conjunction with the order on appeal has expired, and we thus generally would dismiss the appeal as moot (see Matter of Kristine Z. v Anthony C., 43 AD3d 1284, 1284-1285 [2007], lv denied 10 NY3d 705 [2008]). Here, however, respondent challenges only Family Court’s finding that she committed a family offense and, “ ‘in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense,’ the appeal from so much of the order ... as made that adjudication is not academic” (Matter of Hunt v Hunt, 51 AD3d 924, 925 [2008]).
With respect to the merits, the court concluded that respondent committed a family offense by engaging in acts that would constitute either first or second degree harassment “by cutting open [her] pills on the counter, knowing that the Petitioner has allergies” to medications. We agree with respondent that the evidence is not legally sufficient to establish that she committed a family offense. “A petitioner bears the burden of proving by a preponderance of the evidence that respondent committed a family offense” (Matter of Chadwick F. v Hilda G., 77 AD3d 1093, 1093-1094 [2010], lv denied 16 NY3d 703 [2011]). Although harassment in the first or second degree is a family offense (see Family Ct Act § 812 [1]), and we afford great deference to the court’s determination of credibility (see Matter of Gray v Gray, 55 AD3d 909, 909 [2008]; Matter of Wallace v Wallace, 45 AD3d 599 [2007]), we conclude that petitioner failed to establish by a preponderance of the evidence that respondent engaged in acts constituting either offense. Thus, the court erred in failing to dismiss the amended petition (see generally Matter of Woodruff v Rogers, 50 AD3d 1571, 1571-1572 [2008], lv denied 10 NY3d 717 [2008]).
To establish that respondent committed acts constituting harassment in the second degree, petitioner was required to es *1114 tablish that respondent engaged in conduct that was intended to harass, annoy or alarm petitioner, that petitioner was alarmed or seriously annoyed by the conduct, and that the conduct served no legitimate purpose (see Penal Law § 240.26 [3]; Matter of Ebony J. v Clarence D., 46 AD3d 309 [2007]; Matter of Cavanaugh v Madden, 298 AD2d 390, 392 [2002]). Even assuming, arguendo, that petitioner was alarmed or seriously annoyed by the conduct of respondent in opening her medicine to eat it with pudding based on her inability to swallow the pills, and further assuming, arguendo, that respondent thereby intended to harass, annoy or alarm him, we conclude that petitioner failed to establish that the conduct served no legitimate purpose (see generally Chadwick F., 77 AD3d at 1094; Matter of Charles E. v Frank E., 72 AD3d 1439, 1441 [2010]; Matter of Eck v Eck, 44 AD3d 1168, 1169 [2007], lv denied 9 NY3d 818 [2008]). Indeed, petitioner testified that respondent took the medication as prescribed to prevent acid reflux, and that respondent opened the pills and ate the medication with food because she was unable to swallow the pills. With respect to petitioner’s allegation that he was allergic to certain medications, he failed to establish that he was allergic to the particular medication taken by respondent, or to introduce any expert evidence in support of his testimony that the medication was “a poison, a toxic poison that causes death.”
Similarly, petitioner failed to establish that respondent’s acts constituted harassment in the first degree. That statute requires, inter alia, that the perpetrator commit “acts which place [another person] in reasonable fear of physical injury” (Penal Law § 240.25). Even assuming, arguendo, that petitioner was in fear of physical injury when respondent opened her medication, we conclude for the reasons set forth above that he failed to establish that his fear was reasonable.
All concur except Martoche, J., who dissents and votes to affirm in the following memorandum.